Bayard,
 
 Chief Justice,
 

 charged the jury. — The plaintiff must show
 
 first,
 
 that the logs were his property; and
 
 secondly,
 
 that they were converted by the defendants to their own use. In support of his right of property, the plaintiff relies upon the fact of his possession of the logs. They were taken up by him, adrift in the Delaware bay, and secured by a stake at the mouth of Mispillion creek. Possession is certainly prima facie evidence of property. It is called
 
 prima facie
 
 evidence because it may be rebutted by evidence of better title, but in the absence of better title it is as effective a support of title as the most conclusive evidence could be. It is for this reason, that
 
 the finder of a chattel, though he does not acquire an absolute property in it, yet has such a property, as will enable him to keep it against all but the rightful oioner.
 
 The defence consists, not in showing that the defendants are the rightful owners, or claim under the rightful owner; but that the logs were found by them adrift in Mis-pillion ci'eek, having been loosened from their fastening either by accident or design, and they insist that their title is as good as that
 
 *70
 
 of the plaintiff. But it is a well settled rule of law that the loss of a chattel does not change the right of property; and for the same reason that the original loss of these logs by the rightful owner, did not change his absolute property in them, but he might have maintained trover against the plaintiff upon refusal to deliver them, so the subsequent loss did not divest the
 
 special
 
 property of the plaintiff. It follows, therefore, that as the plaintiff has shown a special property in these logs, which he never abandoned, and which enabled him to keep them against all the world but the rightful owner, he is entitled to a verdict.
 

 Ridgely
 
 and
 
 Bates,
 
 for plaintiff.
 

 Houston
 
 and Booth, for defendants.
 

 Verdict for the plaintiff.